UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.___________–Civ–___________/____________

LATANYA YOUNG,

Plaintiff,

vs.

CARNIVAL CORPORATION,

Defendant.
_______________________________________/

COMPLAINT

Plaintiff, Latanya Young, sues Defendant, Carnival Corporation, and alleges:

**A. Case Summary**

1. This is a personal-injury/negligence action brought by a cruise-ship passenger against a cruise line as a result of a fall on a cruise ship.

**B. Basis for Jurisdiction and Venue**

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

(a) The Plaintiff is a citizen of Louisiana.

(b) The Defendant is a citizen of the Republic of Panama and the state of Florida, as it is a corporation incorporated under the laws of Panama and its principal place of business is in Florida; and

(c) The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**C. Rule 9(h)(1) Designation: Diversity Jurisdiction**

3. In addition to falling within the court's diversity jurisdiction, this case also falls within the court's admiralty/maritime jurisdiction and is governed by the general maritime law because the accident happened on a ship sailing in navigable waters and because the ship was

engaged in an activity (pleasure cruising) bearing a substantial relationship to traditional maritime activity. Nevertheless, the Plaintiff designates this claim as one brought at law under the court's diversity-of-citizenship jurisdiction. (And although this claim is brought at law rather than in admiralty, it is still governed by the general maritime law.)

**D. Venue**

4. The Plaintiff has filed this case here because the Plaintiff's cruise ticket contains a forum-selection clause that requires actions such as this to be filed in the United States District Court in Miami, Florida. (The Plaintiff only reluctantly brings this case in federal court: she wanted to bring this case in state court, as is her right under the "saving clause" of 28 U.S.C. § 1333(1), but the Defendant's forum-selection clause has forced her into federal court instead.)

**E. Three Counts of Negligence:**
**Count 1**
**Slipping Hazard**

5. The Defendant, Carnival Corporation, owns and operates a cruise ship, *Carnival Liberty*, that sailed from New Orleans, Louisiana, on a 5 day cruise to the Western Caribbean on June 24, 2024.

6. The Plaintiff, Latanya Young, age 50, was a fare-paying passenger on that cruise.

7. On or about June 26, 2024, while the *Liberty* was in navigable waters, Mrs. Young slipped and fell on the Lido deck, on the tile floor in a corridor leading from the outside pool deck to the Grand Buffet, near the line for Guys Burger.

8. When Mrs. Young slipped, the floor was extremely slippery.

9. After Mrs. Young fell, her husband noticed an employee mopping with no warning signs.

10. The place where Mrs. Young fell as she was going into the Grand Buffet, was also leading from one of the ship's swimming pools.

11. Due to the area's proximity to the swimming pool and hot tubs, and due to the fact that passengers frequently walk along this corridor after getting out of the pool or a hot tub – while wearing bathing suits that are dripping water and sunscreen oil onto this tile floor — Carnival usually places slippery-floor warning signs here, even when the floor is completely dry.

12. But at the time of Mrs. Young's accident, no warnings signs were posted in

that area.

13. Carnival's decision to usually post warning signs in this area even when the floor is dry evidences Carnival's awareness that this floor presents a safety risk. ("Evidence that a shipowner has taken corrective actions can establish notice of a dangerous or defective condition". *Brady v. Carnival Corp.*, 33 F.4th 1278, 1281 (11th Cir. 2022) (quoting *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020) (holding that Carnival's repositioning of lounge chairs to maintain a clear walkway constituted corrective action establishing Carnival's notice of a hazard)).

14. Carnival owed Mrs. Young a duty of reasonable care under the circumstances while Mrs. Young was on this cruise. The phrase *under the circumstances*, as used by courts in describing the level of care a shipowner owes its passengers, connotes that the level of care called for under one set of circumstances may differ from that which is called for under another set of circumstances.

15. Given the corridor's proximity to a swimming pool, and given that this tile can become very slippery when wet (let alone when slippery sunscreen oil is added to the mix), here the "circumstances" require Carnival to exercise a higher level of vigilance to ensure the floor is dry and safe.

16. Carnival breached its duty of care by failing to cordon off this area.

17. Carnival's breach caused Mrs. Young to slip and fall.

18. When Mrs. Young fell, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a preexisting condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

19. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000.00 in damages and costs, and the Plaintiff requests a jury trial.

**Count 2**
**Negligence: Failure to Warn**

20. The Defendant, Carnival Corporation, owns and operates a cruise ship, *Carnival*

*Liberty*, that sailed from New Orleans, Louisiana, on a 5 day cruise to the Western Caribbean on June 24, 2024.

21. The Plaintiff, Latanya Young, age 50, was a fare-paying passenger on that cruise.

22. On or about June 26, 2024, while the *Liberty* was in navigable waters, Mrs. Young slipped and fell on the Lido deck, on the tile floor in a corridor leading from the outside pool deck to the Grand Buffet, near the line for Guys Burger.

23. When Mrs. Young slipped, the floor was extremely slippery.

24. After Mrs. Young fell, her husband noticed an employee mopping with no warning signs.

25. The place where Mrs. Young fell as she was going into the Grand Buffet, was also leading from one of the ship's swimming pools.

26. Due to the area's proximity to the swimming pool and the hot tubs, and due to the fact that passengers frequently walk along this corridor after getting out of the pool or a hot tub – while wearing bathing suits that are dripping water and sunscreen oil onto this smooth tile floor — Carnival usually places slippery-floor warning signs here, even when the floor is completely dry.

27. But at the time of Mrs. Young's accident, no warnings signs were posted in that area.

28. Carnival's decision to usually post warning signs in this area even when the floor is dry evidences Carnival's awareness that this floor presents a safety risk. ("Evidence that a shipowner has taken corrective actions can establish notice of a dangerous or defective condition." *Brady v. Carnival Corp.*, 33 F.4th 1278, 1281 (11th Cir. 2022) (quoting *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020) (holding that Carnival's repositioning of lounge chairs to maintain a clear walkway constituted corrective action establishing Carnival's notice of a hazard)).

29. Carnival owed Mrs. Young a duty of reasonable care under the circumstances while Mrs. Young was on this cruise. The phrase *under the circumstances*, as used by courts in describing the level of care a shipowner owes its passengers, connotes that the level of care called for under one set of circumstances may differ from that which is called for under another set of circumstances.

30. Given the corridor's proximity to a swimming pool, and given that this tile can become very slippery when wet (let alone when slippery sunscreen oil is added to the mix), here the

"circumstances" require Carnival to exercise a higher level of vigilance to ensure the floor is dry and safe.

31. Carnival breached its duty of care by failing to post any slippery-floor warnings in this area.

32. Carnival's breach caused Mrs. Young to slip and fall.

33. When Mrs. Young fell, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a preexisting condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

34. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000.00 in damages and costs.

**Count 3**
**Negligence: Substandard Flooring**

35. The Defendant, Carnival Corporation, owns and operates a cruise ship, *Carnival Liberty*, that sailed from New Orleans, Louisiana, on a 5 day cruise to the Western Caribbean on June 24, 2024.

36. The Plaintiff, Latanya Young, age 50, was a fare-paying passenger on that cruise.

37. On or about June 26, 2024, while the *Liberty* was in navigable waters, Mrs. Young slipped and fell on the Lido deck, on the tile floor in a corridor leading from the outside pool deck to the Grand Buffet, near the line for Guys Burger.

38. When Mrs. Young slipped, the floor was extremely slippery.

39. After Mrs. Young fell, her husband noticed an employee mopping with no warning signs.

40. The place where Mrs. Young fell as she was going into the Grand Buffet, was also leading from one of the ship's swimming pools.

41. Due to the area's proximity to the swimming pool and the hot tubs, and due to the

fact that passengers frequently walk along this corridor after getting out of the pool or a hot tub – while wearing bathing suits that are dripping water and sunscreen oil onto this smooth tile floor — Carnival usually places slippery-floor warning signs here, even when the floor is completely dry.

42. After Mrs. Young fell, her husband noticed an employee mopping with no warning signs.

43. But at the time of Mrs. Young's accident, no warnings signs were posted in that area.

44. Carnival's decision to usually post warning signs in this area even when the floor is dry evidences Carnival's awareness that this floor presents a safety risk. ("Evidence that a shipowner has taken corrective actions can establish notice of a dangerous or defective condition". *Brady v. Carnival Corp.*, 33 F.4th 1278, 1281 (11th Cir. 2022) (quoting *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020) (holding that Carnival's repositioning of lounge chairs to maintain a clear walkway constituted corrective action establishing Carnival's notice of a hazard)).

45. Carnival owed Mrs. Young a duty of reasonable care under the circumstances while Mrs. Young was on this cruise. The phrase *under the circumstances*, as used by courts in describing the level of care a shipowner owes its passengers, connotes that the level of care called for under one set of circumstances may differ from that which is called for under another set of circumstances.

46. Given the corridor's proximity to a swimming pool, and given that this tile can become very slippery when wet (let alone when slippery sunscreen oil is added to the mix), here the "circumstances" require Carnival to exercise a higher level of vigilance to ensure the floor is dry and safe.

47. Carnival breached its duty of care by failing to make the flooring in this area sufficiently slip-resistant for the particular traffic in this area. The word *particular* here refers to the fact that this area was frequented by passengers dripping a hazardous mix of pool water, sunscreen oil, and other bodily oils such as skin moisturizers and the like, on a smooth tile floor

48. Carnival's breach caused Mrs. Young to slip and fall.

49. When Mrs. Young fell, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of

earnings, loss of ability to earn money, and aggravation of a preexisting condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

50. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000.00 in damages and costs, and the Plaintiff requests a jury trial.

Dated: May 21, 2025

Respectfully submitted,
David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Michael A. Hoffman (Florida Bar No. 89549)
MAHoffman@1800askfree.com
adecasanova@1800askfree.com
David W. Singer & Associates
1011 South Federal Highway
Hollywood, FL 33020
954-920-1571
Attorneys for the Plaintiff, Latanya Young