UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:25:cv-22309-WPD

LATANYA YOUNG,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.
_______________________________________/

**DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S COMPLAINT**

Defendant, CARNIVAL CORPORATION (hereinafter "Carnival" or "Defendant"), by and through undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, hereby files its Motion to Strike and/or Dismiss Plaintiff's Complaint [D.E. 1], and in support thereof, states as follows:

**INTRODUCTION**

Plaintiff, LATANYA YOUNG, brings this maritime personal injury action alleging that, on June 26, 2024, while a fare-paying passenger on a cruise aboard the *Carnival Liberty*, she slipped and fell on the tile floor of a corridor leading from the outside pool of the Lido Deck to the Grand Buffet. Plaintiff filed a Complaint asserting three negligence counts against Defendant: Count I (Slipping Hazard), Count II (Negligent Failure to Warn), and Count III (Substandard Flooring).

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant moves to dismiss Plaintiff's Complaint in its entirety on the grounds that it is a shotgun pleading, wherein the three alleged counts rest upon duplicative, unsubstantiated claims, and for failure to state a claim upon which relief may be granted.

## MEMORANDUM OF LAW

### A. Applicable Law

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2000) (citing *Twombly*, 550 U.S. at 556). Although detailed factual allegations are not required, a pleading offering mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Id.* at 1949; *see Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal). Furthermore, a complaint is also insufficient if it tenders naked assertions devoid of further factual enhancement. *Id*. To be sufficient, a complaint's factual allegations must be enough to raise a right to relief above speculative level. *Iqbal*, 129 S. Ct. at 1949. Moreover, to survive a motion to dismiss, a plaintiff must "nudge" his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Neitzke v. Williams*, 490 U.S. 319, 319, 109 S. Ct. 1827, 1828 (1989) (noting Rule 12(b)(6)'s failure-to-state-a-claim standard is designed to streamline litigation by dispensing with needless discovery and factfinding).

### B. Legal Standard for Motion to Dismiss

Incidents occurring on navigable waters and bearing a significant relationship to traditional maritime activities are governed by maritime law. *See Kermarec v. Compagnie Generale*

*Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 410 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). It is well-settled that the law governing passenger suits against cruise lines is the general maritime law. *Ridley v. NCL (Bahamas) Ltd.*, 824 F.Supp.2d 1355,1359 n. 4 (S.D. Fla. 2010). The admiralty jurisdiction of federal courts extends to cases involving the disembarkation process of passengers from cruise ships. *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1318 (S.D. Fla. 2015). Here, Plaintiff alleges she was injured when she slipped and fell on the Lido deck of the *Carnival Liberty* while the vessel was in navigable waters. Accordingly, maritime law applies. *Hagle v. Royal Caribbean Cruises Ltd.*, No. 22-23186-CV, 2023 WL 3571292, at *2 (S.D. Fla. May 2, 2023), *report and recommendation adopted*, No. 22-23186-CV, 2023 WL 3568130 (S.D. Fla. May 19, 2023).

**C. Standard for Motion to Strike**

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (citations omitted); *see also Gandhi v. Carnival Corp.*, No. 13-24509-CIV, 2014 WL 1028940, at *2 (S.D. Fla. 2014) ("The purpose of a motion to strike is 'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'") (citation omitted); *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F. 3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

**I. Plaintiff's Complaint is an Impermissible Shotgun Pleading**

Plaintiff's Complaint is an impermissible shotgun pleading. The Eleventh Circuit "has been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018); *Bartes v. Sch. Bd. Of Alachua Cnty.*, 2005 U.S. App. LEXIS 23386 (11th Cir. 2005) ("We have condemned these "shot gun" pleadings on numerous occasions because they make it 'virtually impossible to know which allegations of fact are intended to support with claim(s) for relief' and 'impede the orderly, efficient, and economic disposition of disputes.'") As such, the Eleventh Circuit has advised against allowing a case to proceed when plead as a shotgun pleading. *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). "A shotgun-style complaint is one that incorporates all of the general factual allegations by reference into each subsequent claim for relief." *Great Fla. Bank v. Countrywide Home Loans*, Inc., 2011 U.S. Dist. LEXIS 10321, *4 (S.D. Fla. Feb. 3. 2011) (internal quotations omitted); *see also Burgess v. Royal Caribbean Cruises Ltd.*, 2020 U.S. Dist. LEXIS 188606, *5 (S.D. Fla. Oct. 9, 2020); *Kennedy v. Bell South Telecomms., Inc.*, 546 Fed. Appx. 817, 819-20 (11th Cir. 2013); *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1313, 1322-23 n.6 (11th Cir. 1998); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (holding that a pleading is properly dismissed if the failure to identify the facts "relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count.").

Here, Plaintiff's Complaint is comprised of three different counts of negligence (Count I: Slipping Hazard, Count II: Failure to Warn, Count III: Substandard Flooring) premised on duplicative allegations to sustain three separate causes of action. For instance, in Count I, Plaintiff allegations "[g]iven the corridor's proximity to the swimming pool…the 'circumstances' require Carnival to exercise a higher level of vigilance to ensure the floor is dry and safe." [D.E. 1¶ 15]. This exact allegation is contained in Count II as well as Count III of Plaintiff's Complaint. [D.E.

1¶¶ 30, 46]. Even further, **each claim in Counts II and III contain *verbatim* allegations**. [D.E. 1 ¶¶ 20-50]. This Court has dismissed several similarly pled complaints for these very reasons. *See, e.g., Serra-Cruz v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 23591, *9-10 (S.D. Fla. Feb. 11, 2019); *Nichols v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 105153, *8-10 (S.D. Fla. June 21, 2019); [ECF No. 10-1, at 4-6]; *see also Burgess v. Royal Caribbean Cruises Ltd.,* 2020 U.S. Dist. LEXIS 188606, *3-4 (S.D. Fla. Oct. 9, 2020). Counts I, II, and III are identical, redundant, and do not expose Carnival to any additional liability. "Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Manning v. Carnival Corp*., No. 12-22258-CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) *quoting Wultz v. Islamic Republic of Iran*, 755 F.Supp.2d 1, 81 (D.D.C.2010). Ultimately, all of Plaintiff's claims are postulated on the same duties and factual allegations that Carnival allegedly violated. Therefore, Counts II and III should be stricken.

## II. Plaintiff's Complaint Does Not Sufficiently Allege Notice and should Be Dismissed in its Entirety.

Plaintiff's Complaint should be dismissed in its entirety because it fails to establish how Carnival knew or should have known of the risk-creating condition in the present action. As a threshold issue, Plaintiff asserts that the floor was slippery but ultimately leaves Carnival and this Court speculating as to what was the risk-creating condition that caused her to fall. [D.E. ¶¶ 8, 23, 38]. Plaintiff alleges "passengers frequently walk along this corridor after getting out of the pool or a hot tub – while wearing bathing suits that are dripping water and sunscreen oil onto this smooth tile floor..." [D.E. ¶¶ 15, 26, 41]. However, Plaintiff does not allege anywhere in the Complaint that she slipped and fell due to water or sunscreen oil on the floor. Therefore, this allegation is a red herring that is unsupported by factual allegations. In essence, Plaintiff does not even minimally

describe the risk-creating condition to preclude any other theories of causation and, therefore, has not articulated enough facts to sustain a claim to relief that is plausible on its face.

Notwithstanding, Plaintiff allegations that Carnival was on notice of the dangerous condition are generic, conclusory, and insufficient to plead Carnival was on notice (prior to Plaintiff's incident) of a dangerous condition onboard the vessel. Under federal maritime law, the duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *See Thompson v. Carnival Corp.*, 174 F.Supp.3d 1327, 1340 (S.D. Fla. 2016) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir.1989). A ship owner is not an insurer of a passenger's safety and cannot be held liable simply because an injury was sustained by a passenger. *See Kornberg v. Carnival Cruise Line, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). ("A carrier by sea, however, is not liable to passengers as an insurer, but only for its negligence); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d at 1322 (same); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 n.3 (11th Cir. 1990) ("[T]he vessel owner is not liable to passengers as an insurer, but only for its negligence. The purpose behind the notice requirement is that the shipowner should not be made the insurers of passenger safety.") (internal citations omitted)); and *Luby v. Carnival Cruise Lines*, Inc., 633 F.Supp.40, 41 n.1 (S.D. Fla. 1986) ("Merely because an accident occurs, a carrier does not become liable to a passenger."); *Thompson*, 174 F. Supp. 3d at 1341 ("To premise a negligence claim on a breach of the duty to warn, [Plaintiff] must set forth factual allegations 'showing that the cruise line knew or should have known of any dangerous condition relating to the . . . excursion that would give rise to a duty to warn.'") (citing *Gayou*, 2012 WL 2049431, *5 (Scola, J.); *see also Pizzino v. NCL*

*(Bahamas) Ltd.,* 709 Fed. Appx. 563 (11th Cir. 2017); and *Everett v. Carnival Cruise Lines,* 912 F.2d, 1355, 1358-59 (11th Cir. 1990).

Plaintiff's three negligence counts are based on the singular notice allegation that "Carnival's decision to usually post warning signs in this area even when the floor is dry evidences Carnival's awareness that this floor presents a safety risk." [D.E. 1 ¶¶ 13, 28, 44]. Not only is this allegation unsupported by facts (as Plaintiff alleges that there were no signs in the area), but it is a general foreseeability theory of liability which has been "roundly rejected by federal courts because it would essentially convert a carrier into an insurer of passenger safety." *Holland v. Carnival Corp.,* No. 20-21789-CIV, 2021 WL 86877, at *3 (S.D. Fla. Jan. 11, 2021), aff'd, 50 F.4th 1088 (11th Cir. 2022) *citing Navarro*, 2020 WL 1307185, at *4 (internal citations omitted). As in *Holland*, Plaintiff conflates foreseeability with actual or construction notice. Specifically, the allegation that it *could* be foreseeable that the floor is slippery is insufficient to support the conclusion that Carnival *should have known* of the dangerous condition prior to the subject incident. Accordingly, Plaintiff's Complaint does not state a claim that is plausible on its face sufficient to survive a motion to dismiss. *Holland citing Road Space Media, LLC v. Miami Dade Cty.*, No. 19-21971-Civ, 2020 WL 434929, at *4 (S.D. Fla. Jan. 28, 2020); *see also Navarro v. Carnival Corp.*, No. 19-cv-21072, 2020 WL 1307185, at *3 (S.D. Fla. Mar. 19, 2020) ("[A]side from the conclusory allegation that Carnival 'was or should have been aware' of the risk creating condition—there are no factual allegations supporting conclusion that Carnival knew of this risk creating condition…"); *Twombly*, 550 U.S. at 545 ("A complaint must allege facts sufficient "to raise a right to relief above the speculative level."). Without factual allegations that support her claim, Plaintiff's claims rest on entirely generic, conclusory and speculative theories. *See Gayou v. Celebrity Cruises, Inc.,* No. 11–23359–Civ., 2012 WL 2049431, at *5 (S.D.Fla. June 5, 2012) (Plaintiff's complaint "fails to

state a claim because he has not alleged any facts from which it may be inferred that Celebrity either knew or should have known of any dangerous or unsafe condition"); *see also Holland; Newbauer v. Carnival Corp.,* 26 F.4th 931, 936 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 212 (2022)("Complaints relying on such boilerplate allegations are regularly dismissed as insufficient."). Consequently, Plaintiff's allegations fail to establish Carnival was on notice of a dangerous condition and Plaintiff's three negligence counts should be dismissed.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests this Honorable Court to enter an Order dismissing Plaintiff's Complaint in its entirety, and for any and all further relief this Court deems just and proper under the circumstances.

Dated: June 23, 2025
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

BY: /s/*Noah D. Silverman, Esq.*
Noah D. Silverman, Esq.
Florida Bar No. 0401277
nsilverman@fflegal.com
Jeffrey E. Foreman, Esq.
Florida Bar No. 0240310
jforeman@fflegal.com
Leonardo Viola, Esq.
Florida Bar No. 1055128
lviola@fflegal.com
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: /s/*Noah D. Silverman, Esq.*
Noah D. Silverman, Esq.

**SERVICE LIST**

| | |
|---|---|
| David W. Singer, Esq.<br>dsingeresq@aol.com<br>Michael A. Hoffman, Esq.<br>MAHoffman@1800askfree.com<br>adecasanova@1800askfree.com<br>David W. Singer & Associates<br>1011 South Federal Highway<br>Hollywood, Florida 33020<br>Tel: 954-920-1571<br>*Attorneys for Plaintiff* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Noah D. Silverman, Esq.<br>nsilverman@fflegal.com<br>dchacon@fflegal.com<br>Leonardo Viola, Esq.<br>lviola@fflegal.com<br>bgotayfuentes@fflegal.com<br>Foreman Friedman, PA<br>One Biscayne Tower, Suite 2630<br>2 South Biscayne Boulevard<br>Miami, FL 33131<br>Phone: 305-358-6555<br>Fax: 305-374-9077<br>*Attorneys for Defendant* |