UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-22309-WPD

LATANYA YOUNG,

Plaintiff,

vs.

CARNIVAL CORPORATION,

Defendant.
_______________________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, Latanya Young, respectfully submits this response to Defendant Carnival Corporation's Motion to Strike and/or Dismiss Plaintiff's Complaint [D.E. 9]. Defendant's motion argues that the Complaint is an impermissible shotgun pleading and fails to adequately allege notice of a dangerous condition. These arguments lack merit. The Complaint clearly delineates three distinct negligence counts—Slipping Hazard, Failure to Warn, and Substandard Flooring—each supported by specific factual allegations that satisfy the pleading standards under Fed. R. Civ. P. 8(a)(2) and applicable maritime law. Furthermore, the Complaint sufficiently alleges Carnival's actual or constructive notice of the hazardous condition. Accordingly, Defendant's motion should be denied in its entirety. Alternatively, Plaintiff requests leave to file an amended complaint to address any perceived deficiencies.

**MEMORANDUM OF LAW**

**A. Legal Standard**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint's allegations. To survive, a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility exists when the plaintiff pleads factual content allowing the court to reasonably infer the defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage, the court accepts all well-pleaded allegations as true and construes them in the light most favorable to the plaintiff. *FindWhat Inv. Grp. v. FindWhat.com,* 658 F.3d 1282, 1296 (11th Cir. 2011).

Under maritime law, a cruise line owes passengers a duty of reasonable care under the circumstances, which requires actual or constructive notice of a risk-creating condition before liability may be imposed. *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989). Notice may be established through prior incidents, corrective actions, or the condition's open and obvious nature. *Brady v. Carnival Corp*., 33 F.4th 1278, 1281 (11th Cir. 2022).

**B. The Complaint Is Not a Shotgun Pleading**

Defendant's assertion that the Complaint is a shotgun pleading is unfounded. A shotgun pleading fails to give defendants adequate notice of the claims against them or makes it difficult to discern which facts support which claims. *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1320-23 (11th Cir. 2015). Here, the Complaint is clearly organized into three distinct negligence counts, each addressing a specific breach of Carnival's duty of care:

- **Count I (Slipping Hazard)**: Alleges Carnival's failure to cordon off or maintain a wet and slippery corridor near the pool, despite knowing its hazardous nature [D.E. 1 ¶¶ 15-17].
- **Count II (Failure to Warn)**: Alleges Carnival's failure to post warning signs in an area it knew was prone to slipperiness [D.E. 1 ¶¶ 27-31].
- **Count III (Substandard Flooring)**: Alleges Carnival's use of smooth tile flooring unsuitable for an area frequented by wet passengers [D.E. 1 ¶¶ 47-48].

Each count is supported by tailored factual allegations and identifies distinct breaches—failure to maintain, failure to warn, and failure to use appropriate materials. While the counts share some factual background (e.g., the location and circumstances of the fall), this is necessary to provide context and does not render them duplicative. See *Burgess v. Royal Caribbean Cruises Ltd*., 2020

U.S. Dist. LEXIS 188606, at *6 (S.D. Fla. Oct. 9, 2020) (rejecting shotgun pleading argument where counts shared facts but alleged distinct breaches). Unlike the cases cited by Defendant, such as *Serra-Cruz v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 23591 (S.D. Fla. Feb. 11, 2019), where counts were indistinguishable, here each count addresses a unique theory of negligence, satisfying Rule 8's requirement for a clear and plain statement.

Defendant's claim that Counts II and III are "identical" and "redundant" ignores their distinct legal bases. For example, failing to warn of a hazard is a separate breach from using substandard flooring, as each involves different duties and remedies. See *Manning v. Carnival Corp*., 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) (duplicative claims require identical allegations, standards, and relief). The Complaint's structure enables Carnival to understand and respond to each claim, negating any shotgun pleading concerns.

**C. The Complaint Sufficiently Alleges Notice**

Defendant's argument that the Complaint fails to allege notice is equally unavailing. Under maritime law, a plaintiff must show the cruise line had actual or constructive notice of the risk-creating condition. *Keefe*, 867 F.2d at 1322. The Complaint meets this standard by alleging:

- Carnival's routine practice of posting slippery-floor warning signs in the corridor, even when dry, evidencing its awareness of the area's slipperiness [D.E. 1 ¶¶ 11, 13, 26, 28, 41, 44].
- The corridor's proximity to the pool and frequent use by wet passengers dripping water and sunscreen, creating an obviously hazardous condition [D.E. 1 ¶¶ 10-11, 15, 26, 41].
- An employee mopping the area without warning signs at the time of the incident, suggesting Carnival's active contribution to the hazard [D.E. 1 ¶¶ 9, 24, 39].

These allegations are sufficient to infer Carnival's notice. First, Carnival's practice of posting warning signs constitutes corrective action that establishes constructive notice under *Brady v. Carnival Corp.*, 33 F.4th at 1281 (citing Carroll v. Carnival Corp., 955 F.3d 1260, 1265 (11th Cir. 2020)). Second, the corridor's design and use by wet passengers create a foreseeable and recurring hazard, supporting constructive notice. See *Thomas v. NCL (Bahamas) Ltd.*, 203 F. Supp. 3d 1189, 1194 (S.D. Fla. 2016) (notice inferred from hazardous condition's open and obvious nature). Third, the employee's mopping without warnings suggests actual notice, as Carnival's staff were actively

engaged with the condition. See *Plott v. NCL Am., LLC*, 786 F. App'x 199, 202 (11th Cir. 2019) (employee's presence near hazard supports notice).

Defendant's claim that the Complaint does not specify the "risk-creating condition" is baseless. The Complaint clearly alleges the floor was "extremely slippery" due to water, sunscreen, and mopping, creating a hazardous condition [D.E. 1 ¶¶ 8, 11, 23, 38]. This is not a "red herring" but a detailed description of the hazard, far exceeding the "naked assertions" condemned in Iqbal, 556 U.S. at 678. Defendant's reliance on *Holland v. Carnival Corp*., 2021 WL 86877 (S.D. Fla. Jan. 11, 2021), is misplaced, as that case involved vague allegations of foreseeability without specific facts. Here, the Complaint provides concrete allegations of Carnival's knowledge and inaction, raising the claims above the speculative level required by *Twombly*, 550 U.S. at 545.

**D. The Complaint States Plausible Claims for Relief**

Each count independently states a plausible claim under maritime law. Count I alleges Carnival's failure to cordon off or maintain the corridor breached its duty of reasonable care, causing Plaintiff's injuries [D.E. 1 ¶¶ 16-18]. Count II alleges Carnival's failure to warn of the known slippery condition, despite its practice of posting signs, breached its duty [D.E. 1 ¶¶ 31-33]. Count III alleges Carnival's use of smooth tile in a high-risk area was negligent, given the foreseeable presence of water and sunscreen [D.E. 1 ¶¶ 47-49]. These allegations, supported by specific facts about the incident, Carnival's practices, and the corridor's condition, satisfy the plausibility standard. See *Thompson v. Carnival Corp.,* 174 F. Supp. 3d 1327, 1340 (S.D. Fla. 2016) (denying dismissal where plaintiff alleged specific hazardous condition and cruise line's notice).

**CONCLUSION**

Defendant's Motion to Strike and/or Dismiss should be denied. The Complaint is not a shotgun pleading, as it clearly delineates three distinct negligence counts with tailored allegations. It sufficiently alleges Carnival's actual or constructive notice through its corrective practices, the corridor's obvious hazards, and staff actions. Each count states a plausible claim for relief under maritime law. In the alternative, should the Court find any deficiencies in the Complaint, Plaintiff respectfully requests leave to file an amended complaint to address such issues pursuant to Fed. R.

Civ. P. 15(a)(2), which encourages liberal granting of leave to amend when justice so requires. Plaintiff respectfully requests that the Court deny Defendant's motion, or alternatively grant leave to amend, and grant any further relief deemed just and proper.

Respectfully submitted,

**/s/David W. Singer**
David W. Singer, Esq. (Fla. Bar No. 306215)
dsingeresq@aol.com
Michael A. Hoffman, Esq. (Fla. Bar No. 89549)
mahoffman@1800askfree.com
**DAVID W. SINGER & ASSOCIATES PA**
1011 South Federal Highway
Hollywood, FL 33020
T: 954-920-1571
F: 954-926-5746
*Attorneys for Plaintiff, Latanya Young*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, was served by CM/ECF system email on July 7, 2025 on counsel on the service list below.

**/s/ David W. Singer**

**SERVICE LIST**

Jeffrey E. Foreman, Esq
jforeman@fflegal.com
Noah D. Silverman, Esq.
nsilverman@fflegal.com
Leonardo Viola, Esq.
lviola@fflegal.com
**FOREMAN FRIEDMAN, PA**
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, FL 33131
Tel.: 305-358-6555
*Attorneys for Defendant, Carnival Corporation*