UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-22309-WPD

LATANYA YOUNG,

Plaintiff,

v.

CARNIVAL CORPORATION.

Defendant.

_________________________________/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendant Carnival Corporation ("Defendant")'s Motion to Dismiss [DE 9], filed herein on June 23, 2025. The Court has carefully considered the Motion [DE 9], Plaintiff's Response, filed July 7, 2025 [DE 12], and Defendant's Reply, filed July 14, 2025 [DE 13] and is otherwise fully advised in the premises.

## I. BACKGROUND

This is a maritime personal injury action. Plaintiff, Latanya Young, alleges she was a fare paying passenger on the Carnival Liberty Cruise Ship on June 24, 2024, when she slipped and fell on the Lido Deck and was injured. She fell on a tile floor in a corridor leading from the outside pool deck to the Grand Buffet. The floor was extremely slippery, and after Plaintiff fell, her husband noticed an employee mopping. There were no warning signs in the area, even though Carnival usually puts warning signs in this area, even when the floor is dry, because of its proximity to the pool and hot tub. That Carnival usually posts warning signs demonstrates Carnival's awareness that the area presents a safety risk. Plaintiff asserts three

counts of negligence against Defendant: Count I (Slipping Hazard), Count II (Negligent Failure to Warn), and Count III (Substandard Flooring).

## II. STANDARD OF LAW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334–36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

Nevertheless, the Court need not take allegations as true if they are merely "threadbare recitals of a cause of *action's* elements, supported by mere conclusory statements . . ." *Iqbal*, 556 U.S. at 663. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984)).

## III. DISCUSSION

As an initial matter, the Court notes "the substantive law applicable to this action, which involves an alleged tort committed aboard a ship sailing in navigable waters, is the general maritime law, the rules of which are developed by the federal courts." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320–21 (11th Cir. 1989) (citation omitted)).

By its instant Motion, Defendant moves to (1) strike Counts II and III as duplicative, (2) dismiss the Complaint as a shotgun pleading, and (3) dismiss the Complaint for failure to state a claim, as Plaintiff does not sufficiently allege notice of the hazardous condition. The Court addresses each argument in turn. Ultimately the Court finds Defendant's Motion should be denied.

### *a. Striking Counts II and III*

Defendant argues Counts II and III should be stricken as redundant. Pursuant to Fed. R. Civ. P. 12(f), this Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *Id.* "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (citations omitted).

Plaintiff's Complaint is comprised of three counts of negligence. Count I: Slipping Hazard, Count II: Failure to Warn, Count III: Substandard Flooring. Defendant contends that each Count is premised on nearly identical allegations and would be decided using the same legal standard. However, Plaintiff in its Response points to distinctions between the allegations in its Counts. A close review of the Complaint reveals that each count contains

slightly different allegations. At this juncture, the Court is disinclined to strike one count in favor of another. Striking elements of a pleading is a "drastic remedy that is disfavored." *Augustus v. Bd. of Pub. Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962). As Chief Judge Altonaga commented when faced with a similar motion from Carnival, the "Court fails to see how requiring [Plaintiff] to plead all of Carnival's associated breaches of its duty of care in one count will add to judicial economy and justify dismissing one or the other of the claims for relief." *Manning v. Carnival Corp.*, No. 12-22258-CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012).

*b. Shotgun Pleading*

The Court rejects the contention that this Complaint is a shotgun pleading. A shotgun pleading is one that "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "While [the Eleventh Circuit has] identified several pleading deficiencies indicative of a 'shotgun pleading,' the underlying issue is one of substance, not form." *Charles v. GEO Grp. Inc.*, No. 22-13891, 2024 WL 1619911, at *2 (11th Cir. Apr. 15, 2024). Defendant avers the Complaint is a shotgun pleading for the same reason it moves to strike Counts II and III—because they are duplicative. But repeating allegations does not automatically create confusion. The Complaint, while perhaps not a model of clarity, gives Defendant fair notice of what it pleads.

*c. Negligence*

Each of Plaintiff's Counts are premised on negligence claims. To state a negligence claim based on a shipowner's direct liability for its own negligence "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (quotation omitted). "This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk-creating condition, at least where. . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id.* (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)).

"Actual notice exists when the defendant knows about the dangerous condition." *Id.* "Constructive notice exists where 'the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures.'" *Id*. (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). As highly relevant here, "the salient issue is whether Carnival knew, more generally, that the area of the deck where [Plaintiff] fell had a reasonable tendency to become slippery—and thus dangerous to passengers—due to wetness from the pool." *Brady v. Carnival Corp.*, 33 F.4th 1278, 1281 (11th Cir. 2022).

In this action, Plaintiff makes the following allegation regarding notice:

1. Carnival's routine practice of posting slippery-floor warning signs in the corridor, even when dry, evidencing its awareness of the area's slipperiness [D.E. 1 ¶¶ 11, 13, 26, 28, 41, 44].

2. The corridor's proximity to the pool and frequent use by wet passengers dripping water and sunscreen, creating an obviously hazardous condition [D.E. 1 ¶¶ 10-11, 15, 26, 41].
3. An employee mopping the area without warning signs at the time of the incident, suggesting Carnival's active contribution to the hazard [D.E. 1 ¶¶ 9, 24, 39]. [DE 1 ¶ 18].

"Evidence that a ship owner has taken corrective action can establish notice of a dangerous or defective condition." *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020). Plaintiff argues that, even though no warning sign was posted here, Defendant was on notice of the hazardous condition because Carnival usually posts warning signs in the corridor, even when the area is dry. Further, Plaintiff argues notice is met because a Carnival employee was mopping the area. Defendant correctly asserts that the *absence* of a warning sign does not amount to "corrective action" sufficient to demonstrate notice of a dangerous condition. However, Defendant doesn't address the allegation that a Carnival employee was mopping the area. Therefore, in this case, that a Carnival employee was mopping the area is sufficient to show that Carnival was taking a "corrective action" that amounted to notice.

Moreover, Plaintiff sufficiently alleges the area had a "reasonable tendency to become slippery" and was therefore dangerous. Plaintiff alleges she fell on the Lido Deck, in an area "leading from one of the ship's swimming pools," that this area had "proximity to the swimming pool and hot tubs," and that "passengers frequently walk along this corridor after getting out of the pool or a hot tub – while wearing bathing suits that are dripping water and sunscreen oil onto this tile floor." *See* [DE 1] ¶ 6-11. Though Plaintiff has not yet had the benefit of discovery in this action, the Court notes that the Eleventh Circuit discussed the

hazards posed by this very area. *Brady v. Carnival Corp.*, 33 F.4th 1278, 1282 (11th Cir. 2022) ("Carnival's representative, Maurice Vega, admitted in an interrogatory response that "the mid ship open Lido Deck area. . . is reasonably expected to become wet due to . . . passengers' use of the swimming pool.").

Defendant summarily argues Plaintiff's allegations are conclusory and unsupported by facts. Defendant points to several cases where a plaintiff's complaint contained only boilerplate allegations of notice, or where the facts materially differed from those here. *See* [DE 9] (citing *Holland v. Carnival Corp.,* No. 20-21789-CIV, 2021 WL 86877, at *1 (S.D. Fla. Jan. 11, 2021), *aff'd,* 50 F.4th 1088 (11th Cir. 2022)) (finding plaintiff failed to Carnival was on notice of the dangerous condition by alleging frequent spills on the staircase and prior slip and fall accidents on the staircase). But the Complaint does not merely contain boilerplate allegations. The facts alleged here are that Plaintiff fell near the Lido Deck area, which is frequented by passengers dripping wet from the pool, and which was being mopped by a Carnival employee. Plaintiff's Complaint is sufficient at this juncture to show that Carnival was on notice of the hazardous condition.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion [DE 9] is **DENIED.** Defendant shall file an Answer by August 15, 2025.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 1st day of August, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to: Counsel of record